IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOEL SHANE HUDSON and
ROSANNA JANE HUDSON,

      Plaintiffs,

v.                                                                                                  No. 1:24-cv-00456-SCY[1]

UNITED STATES FOREST SERVICE and
UNITED STATES DEPARTMENT OF AGRICULTURE,

      Defendants.

### ORDER TO SHOW CAUSE

Plaintiffs, who are proceeding *pro se*, allege they "were forced to evacuate their home 05-16-2022/06-11-2022 and be out of their primary residence for 27 days due to the negligence of the United States Forest Service (USFS) under the United State[s] Department of Agr[i]culture (USDA) in starting the Hermits Peak and Calf Canyon Fire on 04-06-2022." Complaint for a Civil Case at 5, Doc. 1, filed May 13, 2024. Plaintiffs assert the Court has federal question jurisdiction over this action pursuant to 19 U.S.C. § 1592; Plaintiffs do not assert the Court has diversity jurisdiction. *See* Complaint at 4.

As the party seeking to invoke the jurisdiction of this Court, Plaintiffs bear the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir.

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 2, filed May 13, 2024. Plaintiffs have paid the filing fee. *See* Doc. 3, filed October 24, 2022. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

> "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law" . . . "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."

*Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Firstenberg v. City of Santa Fe,* 696 F.3d 1018, 1023 (10th Cir.2012) and *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).

Plaintiffs assert the Court has federal question jurisdiction pursuant to 19 U.S.C. § 1592, Penalties for fraud, gross negligence, and negligence. *See* Complaint at 4. Section 1592 prohibits persons from entering or introducing merchandise into the commerce of the United States by means of material and false documents or electronically transmitted information, written or oral statements, or acts which are material and false or which contain material omissions. *See* 19 U.S.C. § 1592(a). Section 1952 also sets forth the procedures for the United States Customs Service for determining and imposing penalties for violations of Section 1592(a). *See* 19 U.S.C. § 1592(b-l).

Plaintiffs have not shown that the Court has federal-question jurisdiction pursuant to Section 1592 because they have not alleged facts showing that this case arises from a violation of or the imposition of a penalty pursuant to 19 U.S.C. § 1592.

Because Plaintiffs are asserting claims based on the alleged negligence of the United States Forest Service, the Court liberally construes the Complaint as asserting claims pursuant to the Federal Tort Claims Act ("FTCA") which makes the United States liable for negligent acts of employees of federal agencies under certain circumstances. *See* 28 U.S.C. §§ 2671 *et seq*. The Federal Tort Claim Act, however, "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *Lopez v. United States*, 823 F.3d 970, 976 (10th Cir. 2016) (quoting *McNeil v. United States,* 508 U.S. 106, 113 (1993)). "This exhaustion requirement is jurisdictional and cannot be waived." *Id.* (quotation marks and citation omitted). Plaintiffs have not shown the Court has jurisdiction pursuant to the FTCA because the Complaint does not allege Plaintiffs have exhausted their administrative remedies.

It appears the Court should dismiss this case because the Complaint does not show that the Court has jurisdiction over this matter. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

The Court orders Plaintiffs to show cause why the Court should not dismiss this case for lack of jurisdiction. If Plaintiffs assert the Court should not dismiss this case, Plaintiffs must file an amended complaint.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiffs of their obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiffs to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiffs shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss this case for lack of jurisdiction; and (ii) file an amended complaint. Failure to timely show cause and file an amended complaint may result in dismissal of this case.

*[Signature: Steve Yarbrough]*
_____
**UNITED STATES MAGISTRATE JUDGE**