IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOEL SHANE HUDSON and
ROSANNA JANE HUDSON,

      Plaintiffs,

v.   No. 1:24-cv-00456-SCY

UNITED STATES FOREST SERVICE and
UNITED STATES DEPARTMENT OF AGRICULTURE,

      Defendants.

### ORDER FOR SECOND AMENDED COMPLAINT

    Plaintiffs, who are proceeding *pro se*, alleged they "were forced to evacuate their home 05-16-2022/06-11-2022 and be out of their primary residence for 27 days due to the negligence of the United States Forest Service (USFS) under the United State[s] Department of Agr[i]culture (USDA) in starting the Hermits Peak and Calf Canyon Fire on 04-06-2022." Complaint for a Civil Case at 5, Doc. 1, filed May 13, 2024.

    Because Plaintiffs asserted claims based on the alleged negligence of the United States Forest Service, the Court liberally construed the Complaint as asserting claims pursuant to the Federal Tort Claims Act ("FTCA") which makes the United States liable for negligent acts of employees of federal agencies under certain circumstances. *See* 28 U.S.C. §§ 2671 *et seq*. Plaintiffs appeared to agree with this interpretation, as they filed an amended complaint which attached an SF-95 form submitting a claim to the relevant federal agency. Doc. 5 at 33.

    Given the attached SF-95 form, the amended complaint sufficiently alleges that Plaintiffs have exhausted their administrative remedies.

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the

> negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have <u>first presented the claim to the appropriate Federal agency</u> and <u>his claim shall have been finally denied</u> by the agency in writing and sent by certified or registered mail. The <u>failure of an agency to make final disposition of a claim within six months after it is filed shall</u>, at the option of the claimant any time thereafter, <u>be deemed a final denial of the claim</u> for purposes of this section.

28 U.S.C. 2675(a) (emphasis added). Plaintiffs allege: "We have attempted to settle this claim by making a direct claim with the USDA/USFS and to this point have received no resolution nor any idea of when the resolution will occur. We have been advised that all claims are in the 'abatement process'." Doc. 5 at 5. Plaintiffs attached a copy of their claim which is signed "08-18-2022." Doc. 5 at 33-34.

Plaintiffs' amended complaint, however, is deficient in two ways. First, under the Federal Tort Claims Act, "[t]he United States is the only proper defendant." *Gaines v. Pearson*, 516 F. App'x 724, 726 (10th Cir. 2013) (stating the district court "lacked subject matter jurisdiction over Plaintiff's FTCA claim against the federal [officials and entities] defendants") (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 n.4 (10th Cir. 2001)). Plaintiffs have not named the United States as a defendant.

Second, Plaintiffs have not signed the Amended Complaint as required by Rule 11 of the Federal Rules of Civil Procedure. *See* Doc. 5 at 6 (certification section of the form complaint contains a 06-03-2024 "Date of signing" and the "Printed name[s] of Plaintiff[s]" but the "Signature of Plaintiff" line is blank); Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented").

The Court grants Plaintiffs leave to file a second amended complaint naming the United States as Defendant. The second amended complaint need not include all the exhibits attached to the first amended complaint. D.N.M.LR-Civ. 10.7 ("[a]n exhibit should be submitted only once and may later be referred to by document title and filing date"). However, the second amended

complaint must cite or reference the exhibits and must continue to contain Plaintiffs' allegations regarding exhaustion of administrative remedies. *See Franklin v. Kansas Dept. of Corrections*, 160 F. App'x 730, 734 (10th Cir. 2005) ("[a]n amended complaint supersedes the original complaint and renders the original complaint of no legal effect"). Both Plaintiffs must sign the second amended complaint.

**IT IS ORDERED** that Plaintiffs shall, within 21 days of entry of this Order, file a second amended complaint. Failure to timely file a second amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**